PER CURIAM.
After a thorough review and consideration of the record and the briefs and oral arguments of all the parties and the amicus curiae, this Court makes the following findings: (1) Petitioner Watkins has not shown the existence of any attorney-client relationship or privilege that would excuse or justify his refusal to disclose to the Montgomery County Grand Jury the names of the Montgomery police officers who allegedly provided information concerning police brutality and abuse in what has commonly been referred to as “The Todd Road Incident.” Harris v. State, 281 Ala. 622, 206 So.2d 868 (1968). (2) Even if the existence of an attorney-client relationship were found, the names and identities of the client-officers are not within the attorney-client privilege under the facts of this case. In re Enzor, 270 Ala. 254, 117 So.2d 361 (1960). (3) Act No. 618, Section 9.03, 1973 Ala. Acts (August 28,1973), authorizing the council, the Mayor, or any person or committee authorized by either of them, to conduct investigations as to municipal affairs did not create any executive, legislative, or other governmental privilege that would authorize or justify the withholding of material evidence from a duly constituted grand jury. (4) Neither this same Act nor any other makes information received by a councilman conducting such an investigation privileged or confidential. (5) This Court finds there is no procedural defect associated with the ruling of the circuit court.
Therefore, it is the judgment of this Court that the order of the circuit court of July 18, 1983, citing Petitioner Watkins for contempt, be upheld and that the petition filed in this cause seeking review and relief from that order be denied. The order of this Court of July 22, 1983, staying the imposition of the fine imposed on Petitioner Watkins shall remain in effect until a final disposition of the petition.
BOWEN, P.J., and TYSON, HARRIS and HUBERT TAYLOR, JJ., concur.
SAM W. TAYLOR, J., dissents.